# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2010

No. 09-60779
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAFARRA KIMMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:08-CR-112-1

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Safarra Kimmons pleaded guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute cocaine base. He was sentenced to a term of imprisonment of 240 months and 10 years of supervised release. Under 21 U.S.C. § 841(b)(1)(A), Kimmons was subject to an enhanced penalty of 20 years to life based on his prior conviction in 2002 for distribution of cocaine base.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kimmons argues that his 20-year sentence is unreasonably harsh. He recognizes that the district court was within its authority to impose a 20-year sentence, but he urges this court to set new precedent and remand the case to the district court for resentencing. He notes the disparity in sentencing due to the crack/powder ratio and that further amendments to the crack cocaine sentencing structure are under consideration in Congress. He argues that as a result of this disparity, his sentence was unreasonable.

No authority is cited by Kimmons by which this court could "set new precedent." *See United States v. Conroy*, 567 F.3d 174, 181-82 (5th Cir. 2009). The most recent Supreme Court authority supports the district court's imposition of the mandatory minimum sentence despite the recent amendments to the Guidelines which reduced the crack/powder disparity. In *United States v. Kimbrough*, 552 U.S. 85, 107 (2007), the Supreme Court stated that "sentencing courts remain bound by the mandatory minimum sentences prescribed in the 1986 Act." If a district court is bound by the mandatory minimum and cannot vary below it, then imposing the mandatory minimum is not unreasonable or an abuse of discretion. *See Gall v. U.S.*, 552 U.S. 38, 51 (2007).

In a related argument, Kimmons argues that the imposition of a 20-year sentence violated the Eighth Amendment guarantee against cruel and unusual punishment. He argues that his 20-year sentence was objectively unreasonable and arbitrary. He notes that the district court judge was sympathetic to his argument for a lower sentence if he had not been constrained by the mandatory minimum. He contends that this is the best objective indication that a 20-year sentence in this case constitutes cruel and unusual punishment and should be declared unconstitutional as applied. He acknowledges that he did not raise this argument in the district court.

To the extent that Kimmons's argument is based on the crack/powder disparity, it is foreclosed. *See United States v. Fisher*, 22 F.3d 574, 579 (5th Cir.

1994).   To the extent that Kimmons argues that the 240-month sentence mandated by § 841(b)(1)(A) constitutes cruel and unusual punishment as applied to him, this argument fails.  *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (mandatory life sentence for one drug conviction with no prior felony convictions not cruel and unusual punishment).  The district court did not plainly err in imposing a sentence of 240 months.  *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009).

Also argued by Kimmons is that imposition of the 20-year mandatory minimum sentence was a violation of the due process guarantee of the Fifth Amendment.  He contends that in light of the arbitrary distinction between crack and powder cocaine sentences, the mandatory 20-year sentence in his case was without due process of law.  He also argues that the statutory minimum sentencing scheme violated due process because it deprived the district court judge of the ability to determine a just sentence under the particular facts of this case.

These due process arguments have been rejected by this court and the Supreme Court on both bases, sentencing disparity and lack of individualized sentencing determination.  *See Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."); *United States v. Rojas-Martinez*, 968 F.2d 415, 420 (5th Cir. 1992) ("Imposition of mandatory minimum sentences for offenses involving large quantities of illegal drugs bears a rational relationship to the legitimate purpose of enforcing federal drug laws and is not arbitrary."); *United States v. Thomas*, 932 F.2d 1085, 1089-90 (5th Cir. 1992) (rejecting claim that the sentencing disparity between powder cocaine and crack cocaine violates the Due Process Clause); *United States v. Wilson*, 77 F.3d 105, 112 (5th Cir. 1996) (same).  The district court did not err in sentencing Kimmons to the mandatory minimum penalty of 240 months under § 841(b)(1)(A).  *See United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

AFFIRMED.